JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAI MUNDI, LLC, a California limited liability company doing business as Virgin Vapor,<br><br>   Plaintiff,<br><br>   v.<br><br>VIRGIN ENTERPISES LIMITED, a private limited company of the United Kingdom; and Does 1–10, inclusive,<br><br>   Defendants. | CASE NO.   CV 13-08429-R<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER |

Jai Mundi, LLC doing business as Virgin Vapor ("Virgin Vapor") filed a Complaint, on November 14, 2013, seeking declaratory judgment against Virgin Enterprises Limited ("Virgin") that it is not infringing Virgin's trademark. Virgin sent Virgin Vapor a demand letter to phase out the use of its name on September 27, 2012. Over the next year, the parties had ongoing settlement discussions. Virgin Vapor's Complaint was filed one day before a settlement response deadline was due. Virgin filed a trademark infringement lawsuit against Virgin Vapor on November 19, 2013 in the United States District Court for the Northern District of Illinois, one day after notice of Virgin Vapor's anticipatory suit.

Virgin then filed a motion to dismiss, transfer, or stay the Complaint on November 27, 2013. Virgin Vapor responded on December 16, 2013 with both an opposition to Virgin's motion and a First Amended Complaint. The First Amended Complaint only substituted Jai Mundi, Inc.

for Jai Mundi, LLC as the plaintiff, because Jai Mundi, LLC is a non-existent entity. Having been thoroughly briefed by both parties, this Court took the matter under submission on December 23, 2013.

Generally, "the first filed action will be given priority and be allowed to proceed in favor of the later action, unless convenience or other special circumstances dictate departure from the rule." 17 James Wm. Moore et al., Moore's Federal Practice, § 111.13[1][o][[ii][A] (3d ed. 2013). "[D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Anticipatory suits are a circumstance under which an exception to the first-to-file rule will typically be made. *Id.*

Here, Virgin Vapor was not the true first-to-file as they had not identified a real plaintiff in the Complaint. More importantly, Virgin Vapor's Complaint was an anticipatory suit seeking declaratory judgment. Virgin Vapor had been in settlement talks with Virgin, and knew that Virgin would sue for trademark infringement if Virgin Vapor continued the use of the mark. Virgin was not dilatory in bringing its suit against Virgin Vapor, filing its complaint the day after it had received notice of Virgin Vapor's suit. Since anticipatory suits are disfavored because they are forum-shopping, this Court has the discretion to transfer this case to the Northern District of Illinois. *Id.* at 628–29.

Both Virgin and Virgin Vapor sell and promote their products in the Northern District of Illinois so both venue and personal jurisdiction are proper in the Northern District of Illinois. Since the action could have been brought in the Northern District of Illinois and transfer will promote the interests of justice, transfer is proper under Title 28 U.S.C. 1404(a).

IT IS ORDERED that Virgin's motion to transfer to the Northern District of Illinois is GRANTED.

Dated:  January 16, 2014.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

2